IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICKEY YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-170-MEF |
| | ) | |
| JEFFERSON PILOT FINANCIAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND O R D E R

Plaintiff Mickey Young brings this action alleging failure to pay benefits under Defendant's worker disability plan.  Plaintiff filed his initial complaint (Doc. # 1-2) in the Circuit Court of Houston County, Alabama on December 20, 2006.  Defendant timely removed this action to this Court on February 26, 2007 (Doc. # 1).

This cause is before the Court on Defendant's Motions to Dismiss and Strike Demand for Jury Trial (Doc. # 4) and Plaintiff's Motion for Leave to Amend Complaint (Doc. # 7).  Plaintiff's initial Complaint included state law claims for (1) deceit, (2) suppression, (3) reckless misrepresentation, (4) breach of contract, (5) bad faith, and (6) abnormal bad faith.  Defendant moved to dismiss these claims and strike the jury demand because of preemption by the Employee Retirement Income Security Act of 1974 ("ERISA").  Plaintiff moved to amend the complaint to add an ERISA claim.  Upon consideration of the submissions of the parties, the Court finds that these motions are due

to be GRANTED.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has noted the "expansive sweep" of this clause, which "is not limited to 'state laws specifically designed to affect employee benefit plans.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983)). State law claims such as Plaintiff's "relate to" an ERISA plan, and thus are due to be dismissed. *See id.* (state-law bad faith, breach of contract, and fraud claims are all preempted under § 1144(a)).

Plaintiff's proposed First Amended and Restated Complaint (Doc. # 7) adds a claim (Count VII) under 29 U.S.C.§ 1132. This ERISA provision provides federal jurisdiction for actions to recover benefits. § 1132(e)(1). Therefore, Plaintiff is granted leave to file an amended complaint setting forth a claim pursuant to § 1132. This amended complaint shall not include the dismissed state law claims.

Because the sole remaining claim in this case will be one pursuant to ERISA, the Court must address Defendant's Motion to Strike Demand for Jury Trial (Doc. # 4). There is no Seventh Amendment right to trial by jury in ERISA actions. *Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522, 1527 (11th Cir. 1996). Therefore, Defendant's Motion to Strike is due to be GRANTED.

Similarly, Defendant's request with respect to Plaintiff's demand for extracontractual damages is due to be GRANTED. ERISA does not provide for

extracontractual damages, such as punitive damages. *Godfrey v. BellSouth Telecomm., Inc.*, 89 F.3d 755, 761 (11th Cir. 1996). Therefore, to the extent that Plaintiff seeks extracontractual damages, such claims must be dismissed.

Accordingly, it is hereby ORDERED as follows:

(1) Defendant's Motion to Dismiss (Doc. # 4) is GRANTED.

(2) Plaintiff's Motion for Leave to Amend Complaint (Doc. # 7) is GRANTED, but only with respect to Count VII. To the extent that Count VII claims extracontractual damages, it is DISMISSED.

(3) Defendant's Motion to Strike (Doc. # 4) is GRANTED.

(4) Plaintiff shall file an Amended and Restated Complaint in accordance with this Order by **October 18, 2007**.

DONE this the 4th day of October, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE